SC

**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Vitaly E. Mihilof, | ) | No. CV 08-0100-PHX-DGC (LOA) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Joseph M. Arpaio, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Plaintiff Vitaly E. Mihilof, who is confined in the Tent City Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.[1]  (Doc.# 1.)[2]  The Court will dismiss the Complaint with leave to amend.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  The statutory fee will be collected monthly in payments of 20% of the previous month's income each time

---

[1]  Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz. filed Jan. 10, 1995).  No such fund exists.  The inmates in Hart asked for injunctive relief and not monetary damages.  The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

[2]  "Doc.#" refers to the docket number of filings in this case.

JDDL-K

the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.    Statutory Screening of Prisoner Complaints**

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

**III.    Complaint**

        Plaintiff alleges three counts for relief concerning his conditions of confinement and retaliation.  Plaintiff sues only Maricopa County Sheriff Joseph M. Arpaio.  Plaintiff seeks whatever relief is available.

**IV.    Failure to State a Claim**

        To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must

allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A.   Sheriff Arpaio

Although Defendant Arpaio may properly be sued for constitutional violations, Plaintiff fails to state a claim against him.  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom.  See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001).  Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor in his individual capacity "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor, 880 F.2d at 1045.

Plaintiff has not alleged facts to support that Defendant Arpaio enacted or enforced a policy, custom, or practice that resulted in the denial of Plaintiff's constitutional rights. Further, Plaintiff has not alleged facts to support that Defendant Arpaio directly violated his constitutional rights or that he was aware that Plaintiff's rights were being violated but failed to act.  Thus, Plaintiff fails to state a claim against Defendant Arpaio in his Complaint.

### B.   Conditions of Confinement

In Counts I and II, Plaintiff alleges that his conditions of confinement are unconstitutional.  A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Due Process Clause of the Fourteenth Amendment while a convicted inmate's claims for unconstitutional conditions arises from the Eighth Amendment prohibition against cruel and unusual punishment.  Bell v. Wolfish, 441 U.S. 520 (1979).  Nevertheless, the same standards are applied.  See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  To state a

1    claim for unconstitutional conditions, a plaintiff must allege an objectively "sufficiently

2    serious" deprivation that results in the denial of "the minimal civilized measure of life's

3    necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994); Allen v. Sakai, 48 F.3d 1082,

4    1087 (9th Cir. 1994); see Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1049-50 (9th Cir.

5    2002).  That is, a plaintiff must allege facts supporting that he is incarcerated under

6    conditions posing a substantial risk of harm. Farmer, 511 U.S. at 834.  Whether a condition

7    of confinement rises to the level of a constitutional violation may depend, in part, on the

8    duration of an inmate's exposure to that condition. Keenan v. Hall, 83 F.3d 1083, 1089 (9th

9    Cir. 1996) (citing Hutto v. Finney, 437 U.S. 678, 686-87 (1978)).

10       In addition to alleging facts to support that he is confined in conditions posing a

11   substantial risk of harm, a plaintiff must also allege facts to support that a defendant had a

12   "sufficiently culpable state of mind," i.e., that the official acted with deliberate indifference

13   to inmate health or safety. See Farmer, 511 U.S. 837.  In defining "deliberate indifference"

14   in the jail context, the Supreme Court has imposed a subjective test: "the official must both

15   be aware of the facts from which the inference could be drawn that a substantial risk of

16   serious harm exists, and he must also draw the inference." Id.  A plaintiff must also allege

17   how he was injured by the alleged unconstitutional conditions. See, e.g., Lewis v. Casey,

18   518 U.S. 343, 349 (1996) (doctrine of standing requires that claimant have suffered or will

19   imminently suffer actual harm); Caswell v. Calderon, 363 F.3d 832, 836 (9th Cir. 2004)

20   (case-or-controversy requirement means that plaintiff must have an actual or threatened

21   injury traceable to the defendant and likely to be redressed by a favorable judicial decision).

22       In Count I, Plaintiff alleges that due to "extreme" overcrowding, he has had to sleep

23   in portable "boats" on the floor, to eat meals sitting on the floor, and that he has no day room

24   access and no law library or copy machine access.  Plaintiff further alleges that table tops and

25   walls are peeling lead paint and that there are no fire escape routes and insufficient fire

26   sprinklers and extinguishers and alarms.  In Count II, Plaintiff alleges that he has been given

27   only one change of underwear, towel, and bedding a week and only one blanket change every

28   other month.  He also alleges that unidentified safety and health standards have been violated

by overcrowding.  Further, he alleges that he has had to work seven days a week for ten hours a day, usually without breaks or lunches until the shift ended and without religious days off.        Allegations of overcrowding, alone, are insufficient to state a claim.  See Rhodes v. Chapman, 452 U.S. 337, 348 (1981).  To state a claim, a plaintiff must allege facts to support that overcrowding has caused an increase in violence, reduced the provision of other constitutionally required services, or reached a level where the institution is no longer fit for human habitation.  See Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 471 (9th Cir. 1989); Toussaint v. Yockey, 722 F.2d 1490, 1492 (9th Cir. 1984).  Plaintiff fails to allege facts to support such conditions.  That is, he has not alleged facts to support that sleeping in boats, infrequent changes of clothing, towels and bedding, sitting on floors to eat meals, or the lack of day room access pose a substantial risk of harm.  He also fails to allege facts to support that the Defendant acted with deliberate indifference to the risk of harm from those conditions.

Plaintiff's assertion that he has been denied access to a law library or copy machine, absent the allegation of additional facts, also fails to state a constitutional violation.  While the right of meaningful access to the courts prohibits state officials from actively interfering with an inmate's attempt to prepare or file legal documents, Lewis v. Casey, 518 U.S. 343, 350 (1996), that right only encompasses the ability to bring petitions or complaints to federal court and not to discover or even effectively litigate such claims once filed with a court.  Id. at 354; see also Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or civil rights complaint of a person in state custody will reach a court for consideration.")   The right "guarantees no particular methodology but rather, the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis, 518 U.S. at 356.  Further, the denial of access to a paralegal or use of a law library is not actionable if there is no claim of prejudice to an existing or future legal action.  Id. at 351-53.  That is, an inmate must establish that he suffered an "actual injury" when he alleges that he was denied access to a paralegal or a law library.  See Vandelft v. Moses, 31 F.3d

794, 797 (9th Cir. 1994).   An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim." Lewis, 518 U.S. at 348.  In other words, a plaintiff must allege facts to support that a defendant's conduct prevented him from bringing to court a non-frivolous claim that he wished to present. Id. at 351-53.  Plaintiff fails to allege an actual injury arising from the alleged denial of access to a law library.

Plaintiff also fails to state constitutional violation based on peeling lead paint on table tops and walls. See 16 C.F.R. § 1303.5 (the Consumer Product Safety Commission banned lead in paint and other products to reduce lead exposure in children where up to 50% of preschool children engaged in pica, the repetitive ingestion of non-food substances, including paint).  Plaintiff has not set forth facts to support when, where or how he ingested lead paint or facts to support that Defendant acted with deliberate indifference to lead exposure.

Plaintiff's allegations that there are no fire escape routes and insufficient fire sprinklers and extinguishers and alarms also fail to state a claim.  Plaintiff fails to allege an injury or facts to support that the Defendant acted with deliberate indifference to such conditions.

With respect to his work schedule, Plaintiff fails to allege facts to support that the schedule poses a substantial risk of harm to him.  Further, while Plaintiff asserts that religious rules concerning work have been disregarded, he does not allege how his religious rights have been infringed by his work schedule.  In addition, Plaintiff fails to allege facts regarding how the Defendant was involved in these alleged violations.

In summary, Plaintiff fails to sufficiently state a claim for violation of his constitutional rights based upon the various conditions alleged.  His complaint therefore fails to state a claim.

**C.   Retaliation**

In Count III, Plaintiff alleges that he feared retaliation by unidentified detention officers such that he sometimes did not request grievance forms and that when he did, they were not provided to him.  An inmate may state a constitutional violation where, for example,

1    he alleges that a grievance was denied in retaliation for exercising a constitutionally-
2    protected right, see Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), or in retaliation for
3    filing a grievance, Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).  A
4    plaintiff fails to state a claim, however, based merely on alleged non-compliance with a
5    grievance process.  There is no free-standing constitutional right to a grievance process
6    because inmates do not have a protected liberty interest in jail or prison grievance
7    procedures. Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir.1996) (jail); Mann v. Adams,
8    855 F.2d 639, 640 (9th Cir. 1988) (prison); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994);
9    Buckley v. Barlow, 997 F.2d 494, 493 (8th Cir. 1993) (*per curiam*).

10   Plaintiff merely makes conclusory allegations of retaliation and fear of retaliation.
11   He fails to set forth specific facts to support that anyone retaliated against him.  To the extent
12   that he alleges that unidentified detention officers failed to provide or process grievance
13   forms, Plaintiff fails to state a constitutional violation.  This Count will be dismissed.

14   **V.    Leave to Amend**

15   Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief
16   may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the
17   deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form
18   to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form,
19   the Court may strike the amended complaint and dismiss this action without further notice
20   to Plaintiff.

21   Plaintiff must clearly designate on the face of the document that it is the "First
22   Amended Complaint."  The first amended complaint must be retyped or rewritten in its
23   entirety on the court-approved form and may not incorporate any part of the original
24   Complaint by reference.  Plaintiff may include only one claim per count.

25   A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963
26   F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,
27   1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as
28   nonexistent. Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original

complaint is waived if it is not raised in a first amended complaint.  <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

**VI.    Warnings**

    **A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

    **B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **C.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D.    Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)     The Complaint (doc.# 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 5th day of March, 2008.

David G. Campbell
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint**
**in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

<table>
<tr><td>Phoenix & Prescott Divisions:</td><td>OR</td><td>Tucson Division:</td></tr>
<tr><td>U.S. District Court Clerk</td><td></td><td>U.S. District Court Clerk</td></tr>
<tr><td>U.S. Courthouse, Suite 130</td><td></td><td>U.S. Courthouse, Suite 1500</td></tr>
<tr><td>401 West Washington Street, SPC 10</td><td></td><td>405 West Congress Street</td></tr>
<tr><td>Phoenix, Arizona  85003-2119</td><td></td><td>Tucson, Arizona  85701-5010</td></tr>
</table>

7. <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>          Attorney for Defendant(s)
>
> _____
> (Signature)

9. <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.   <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.   <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.   <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.   <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.   <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.   <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,   )
(Full Name of Plaintiff)                                            )
                      Plaintiff,     )
                                )
                vs.            )   **CASE NO.** _____
                                )           (To be supplied by the Clerk)
(1) _____ ,   )
(Full Name of Defendant)                                          )
(2) _____ ,   )
                                )   **CIVIL RIGHTS COMPLAINT**
(3) _____ ,   )   **BY A PRISONER**
                                )
(4) _____ ,   )   ☐ Original Complaint
              Defendant(s).     )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.   )   ☐ Second Amended Complaint

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

Revised 3/9/07                               1                                   **550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
    (Position and Title)                                                                    (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
    (Position and Title)                                                                    (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
    (Position and Title)                                                                    (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
    (Position and Title)                                                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities     ☐ Mail     ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property    ☐ Exercise of religion   ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count I?    ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?    ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☐ Medical care
   ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
   ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what
**each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without
citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
       at your institution?        ☐ Yes    ☐ No
   b.   Did you submit a request for administrative relief on Count II?    ☐ Yes    ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?    ☐ Yes    ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
       you did not. _____
       _____.

4

**COUNT III**

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion          ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                 ☐ Yes   ☐ No
b.    Did you submit a request for administrative relief on Count III?                      ☐ Yes   ☐ No
c.    Did you appeal your request for relief on Count III to the highest level?            ☐ Yes   ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____            _____
                            DATE                                                SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.